**In re SMOSS ENTERPRISES CORP., Debtor.**

**The CITY OF NEW YORK, Appellant,**

v.

**SMOSS ENTERPRISES CORP., Appellee.**

**No. 85 C 2084.**

United States District Court, E.D. New York.

Nov. 19, 1985.

Frederick A.O. Schwarz, Jr., Corp. Counsel of City of New York (Glenn Newman, Cornelius F. Roche, New York City, of counsel), for appellant.

Finkel, Goldstein & Berzow (Harold S. Berzow, of counsel), New York City, for appellee.

NICKERSON, District Judge.

This is an appeal from an order of the Bankruptcy Court in a Chapter 11 proceeding under the Bankruptcy Code. The order provides that the transfer of the debtor's real property pursuant to a contract of sale dated March 20, 1985 is exempt from New

York State and City real property transfer taxes under § 1146(c) of the Bankruptcy Code. The State of New York does not oppose the order. The City of New York ("the City") appeals.

Smoss Enterprises Corp. ("Smoss") filed a voluntary petition under Chapter 11 on April 30, 1984. At that time its only asset was a parcel of real property located in Queens, New York. Smoss had made a pre-petition contract to sell the property to Michael Savino for $2,365,000. On June 12, 1984 Smoss moved before the Bankruptcy Court to reject the contract. Savino opposed the rejection. Had the court rejected the contract Smoss would have been liable to Savino for a substantial sum representing the difference between the market value and the contract price of the property.

Thereafter Savino and Smoss reached a settlement, approved by the Bankruptcy Court, authorizing Savino to assign the contract to Steve Pantios at a price of $2,800,000, in consideration for the payment of $500,000 by Pantios to Savino. Pantios then assigned the contract to G & I Properties, Inc., a corporation of which Pantios is the principal. Upon application of Smoss, on May 14, 1985 the Bankruptcy Court held that a transfer by Smoss of the property to G & I Properties, Inc. would be exempt from state and city real property transfer taxes. On May 29, 1985 Smoss made the transfer. On September 11, 1985 the Bankruptcy Court confirmed Smoss's liquidation plan under Chapter 11.

The City claims that the property transferred pursuant to Smoss's pre-petition contract is not exempt from the real property transfer tax. Section 1146(c) of the Bankruptcy Code states:

> The issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any state or local law imposing a stamp tax or similar tax.

The City claims that this section is inapplicable to the transfer for three reasons: (1) the transfer was made pursuant to a pre-petition contract rather than "under a plan" of reorganization, (2) the transfer took place prior to the time the Bankruptcy Court "confirmed" the plan and (3) the plan is for liquidation rather than "reorganization" and therefore is not a plan confirmed "under section 1129," which appears in the Chapter 11 sections of the Bankruptcy Code.

**I**

■ Recently the Second Circuit held where "a transfer, and hence an instrument of transfer, is necessary to the consummation of a plan," the transfer is "under a plan" within the meaning of § 1146(c). *In re Jacoby-Bender,* 758 F.2d 840, 842 (2d Cir.1985). In the present case the transfer of the property was essential to the confirmation of the plan. The reasoning of the *Jacoby-Bender* case is applicable.

**II**

■ The transfer was made pursuant to the pre-petition contract to avoid the liability of Smoss to Savino which rejection would have occasioned. The plan was confirmed after the delivery of the deed because the plan depended entirely on the sale of the property. But the transfer was contemplated by the Bankruptcy Court when it ruled on Smoss's application for exemption. Moreover, the transfer was a precondition to the confirmation and implementation of the plan. The language of § 1146(c) exempting a transfer by the Bankruptcy Court was surely designed to reach the one transfer on which the plan hinged and which the court had to approve prior to the confirmation.

**III**

■ Finally, the claim that § 1146(c) applies to plans only of "reorganization" and not of "liquidation" is plainly meritless. Section 1129(a) specifying the requirements for confirmation of a plan expressly provides for a "liquidation" plan. *See also Matter of Combined Metals Reduction*

*Co.,* 557 F.2d 179, 197–98 (9th Cir.1977), and cases cited therein.

The order of the Bankruptcy Court is affirmed. So ordered.