**In the Matter of CCA PARTNERSHIP, Debtor.**

**CCA PARTNERSHIP, Plaintiff,**

v.

**DIRECTOR OF REVENUE, STATE OF DELAWARE, Defendant.**

**Bankruptcy No. 86–83.**

**Adv. No. 87–3.**

United States Bankruptcy Court, D. Delaware.

Feb. 19, 1987.

See also, Bkrtcy., 70 B.R. 694.

Peter J. Walsh, Wilmington, Del., for debtor.

Jos. Patrick Hurley, Jr., Deputy Atty. Gen., Wilmington, Del., for defendant.

**MEMORANDUM OPINION AND ORDER**

HELEN S. BALICK, Bankruptcy Judge.

CCA Partnership, a Chapter 11 debtor, has moved for summary judgment on its complaint against the Director of Revenue, State of Delaware. CCA seeks a declaratory judgment to the effect that a proposed transfer of its real estate is exempt from the Delaware Realty Transfer

Tax by virtue of § 1146(c) of title 11, United States Code which provides:

> The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax.

The Director's position is that only the portion of tax imposed on the grantor (CCA) is exempt and the portion imposed on the grantee is not exempt. The pertinent provisions of the Delaware Realty Transfer Tax law are as follows:

> Every person who makes, executes, delivers, accepts or presents for recording any document, except as defined or described in § 5401(4) of this title, or in whose behalf any document is made, executed, delivered, accepted or presented for recording shall be subject to pay for and in respect to the transaction, or any part thereof, a realty transfer tax at the rate of 2 percent of the value of the property represented by such document, which tax shall be payable at the time of making, execution, delivery, acceptance or presenting of such document for recording. Said tax is to be apportioned equally between grantor and grantee.

30 *Del.C.* § 5402(a).

> The payment of the tax imposed by this chapter shall be evidenced by the affixing of a documentary stamp or stamps to every document by the person making, executing, delivering or presenting such document for recording.

30 *Del.C.* § 5405(a).

> No document upon which tax is imposed by this chapter shall be recorded in the office of any recorder of deeds of any county of this State, unless proof of the payment of the realty transfer tax appears on the document as is provided in § 5405(a) of this title.

30 *Del.C.* 5408.

> As between the parties to any transaction which is subject to the realty transfer tax imposed by this chapter, in the absence of an agreement to the contrary, the burden for paying the tax shall be on the grantor.

30 *Del.C.* § 5412

The following facts, essential to a determination of the issue, are not in dispute. The debtor and bondholders committee jointly sponsored a plan that was confirmed December 18, 1986. The plan provided for the sale of debtor's principal asset, a nursing home facility, for $7,400,000 cash. Pursuant to the plan, debtor entered into an agreement for sale of assets dated December 1, 1986 with Beverly Enterprises. The agreement provides for payment by debtor of all applicable real estate transfer taxes. No argument was made that this contractual provision affects the statutory liability for the tax.

The Director concedes that the Delaware Realty Transfer Tax is a stamp tax or similar tax within the meaning of 11 U.S.C. § 1146(c) but that only the debtor's activity—the making or delivery of an instrument of transfer—is exempt; not the buyer's activity—accepting and presenting the deed for recording.

In support of his position, the Director appears to rely on the court's comments in *Director of Revenue v. Barry*, Del.Super., 391 A.2d 216 (1978), to the effect that the Delaware statute mirrors almost verbatim a Pennsylvania statute and cites the case of *Lake v. Gleeson*, 11 Pa.D. & C.2d 584 (C.P. Dauphin Cty. 1956) which dealt with an issue under that statute similar to the one at bar as follows:

> But we see nothing in this section quoted (i.e. 11 U.S.C. § 267 the predecessor of § 1146(c)) to relieve another party to the transaction, the grantee, the grantee who accepted the deed and presented it for recording. It is no detriment to an insolvent's estate to impose a tax on a solvent purchaser of assets. The purchaser is liable under the state law and under the state decisions, and there is nothing in the Federal Bankruptcy Act to exempt him. 11 Pa.D. & C.2d at 586.

This holding too narrowly construes the exemption granted in § 1146(c) in that it runs contra to the definition that a stamp

tax is a tax on the instrument of transfer not the parties to the transfer or the act of recording the transfer. *See In re Jacoby-Bender, Inc.*, 40 B.R. 10, 10 C.B.C.2d 626 (E.D.N.Y.1984), *aff'd.*, 758 F.2d 840 (2nd Cir.1985). The *Barry* case, *supra*, established this principle in Delaware. There, the court held "[t]he focus of taxability under the Delaware Realty Transfer Tax Act, 30 *Del.C.* Ch. 54, is the document whereby transfer of interest in real estate is accomplished." *Barry*, at 218. Since the tax is upon the instrument and not the act of recording it, the Director may not impose a tax on the grantee because it now possesses the instrument when he could not tax the grantor-debtor while it possessed it.

This conclusion is not contrary to the rules of statutory construction nor has Congress exceeded its constitutional authority as the Director has argued. The Director is correct in stating that as a general rule grants of tax exemptions are given a strict interpretation against the assertions of the taxpayer and in favor of the taxing power but it is equally true that such interpretation may not be so literal and narrow as to defeat the exemption's purpose. Moreover, as pointed out by the debtor, a remedial statute such as the bankruptcy law should be liberally construed. 3 Sutherland, *Statutory Construction*, §§ 60.01, 60.02, 66.09 (4th ed. 1974). The Director has conceded that the Code seeks to provide the debtor an unburdened opportunity to resolve its debts and start anew. Yet, the imposition of such a tax will frustrate that purpose. Such a tax "certainly will affect greatly the price gotten by the estate." *In re Cantrup*, 53 B.R. 104, 106 (Bkrtcy.D.Colo.1985). Indeed, such a tax may create so great a burden that the transaction will not occur—the burden being prohibitive to the buyer. As a result, the exemption of the entire transaction cannot be viewed as enhancing the estate for the benefit of the creditors at the expense of the taxing authority. Rather, it provides the debtor with the speediest and most efficient means possible to distribute and discharge its obligations. To place additional obligations on the property may defeat these purposes and circumvent the intent of the Code.

■ Congress through its bankruptcy power (Article I, § 8(4)) may circumvent the states' power to tax implicit in the Xth Amendment. The United States Supreme Court has held that "[t]he Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit the jurisdiction which courts, state or federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law." *Kalb v. Feuerstein*, 308 U.S. 433, 439, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940). Moreover, "the constitutional authority of Congress to grant the bankruptcy court power to deal with the lien of a State has been settled." *Gardner v. New Jersey*, 329 U.S. 565, 578, 67 S.Ct. 467, 474, 91 L.Ed. 504 (1947). Indeed, the Xth Amendment has only once been held to be violated where Congress enacted a bankruptcy statute. In that case, the statute operated to take control of political subdivisions from the state. *Ashton v. Cameron County Water Improvement Dist. No. One*, 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309 (1936). Such an extreme grant of authority is not present in this case.

For the foregoing reasons, the Director may not divide liability for a stamp or similar tax among the parties to a transaction under a confirmed plan between debtor grantor and a solvent grantee. Once an instrument becomes exempt, it remains exempt throughout the transaction.

An order is attached.

### ORDER

AND NOW, February 19, 1987, for the reasons stated in the attached Memorandum Opinion, the plaintiff/debtor's motion for summary judgment is GRANTED, AND IT IS SO ORDERED.