**In the Matter of CCA PARTNERSHIP, Debtor.**

**DIRECTOR OF REVENUE, STATE OF DELAWARE, Appellant,**

v.

**CCA PARTNERSHIP, Appellee.**

**Civ. A. No. 87–116–JJF.
Bankruptcy No. 86–83.**

United States District Court,
D. Delaware.

April 13, 1987.

## OPINION

FARNAN, District Judge.

This appeal arises out of a declaratory judgment action in which the Bankruptcy Court entered an Order granting summary judgment in favor of the debtor, CCA Partnership and against the Director of Revenue, State of Delaware ("Director"). The Director appealed. The Court has jurisdiction pursuant to 28 U.S.C. § 158 and Bankruptcy Rule 8002. I affirm.

## BACKGROUND

CCA Partnership, a Chapter 11 debtor, filed a Complaint in the Bankruptcy Court seeking a declaration that 11 U.S.C. § 1146(c) exempts a contemplated transfer of its real estate from the Delaware Realty Transfer Tax. The facts surrounding the sale are fully set out in the Opinion of the Bankruptcy Court, *CCA Partnership v. Director of Revenue*, 70 B.R. 696, 697 (Bankr.D.Del.1987), and will not be repeated here. Title 11 U.S.C. § 1146(c) provides:

> The issuance, transfer, or exchange of a security, or the making or delivery of an

instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax.

The Director, who concedes that the Delaware Realty Transfer Tax is a stamp tax or similar tax within the meaning of 11 U.S.C. § 1146(c), argued in the Bankruptcy Court that § 1146(c) exempts only the debtor's activity of making or delivering an instrument of transfer. According to the Director, the buyer's activity—accepting and presenting the deed for recording—is not exempt from the tax by virtue of § 1146(c).

The Bankruptcy judge rejected this argument, holding that § 1146(c) precludes the Director from dividing liability for a stamp or similar tax on a transaction between a debtor-grantor and a solvent grantee when the transaction is undertaken pursuant to a plan confirmed under 11 U.S.C. § 1129. *CCA Partnership v. Director of Revenue, supra,* at 698 (Bankr.D.Del.1987) (order granting plaintiff-debtor's motion for summary judgment). In so holding, the Bankruptcy Court reasoned that a stamp tax is, by definition, a tax on the instrument of transfer, not on the parties to the transfer or the act of recording the transfer. *Id.* at 697–698 (citing *In re Jacoby-Bender, Inc.,* 40 B.R. 10, 10 C.B.C.2d 626, 40 B.R. 10 (E.D.N.Y.1984), *aff'd,* 758 F.2d 840 (2nd Cir.1985); *Director of Revenue v. Barry,* Del.Super., 391 A.2d 216, 218 (1978) (focus of taxability under Delaware Realty Transfer Tax is on the document whereby transfer of interest in real estate is effected)). In light of the focus placed upon the instrument of transfer, the Bankruptcy Court reasoned that "since the tax is upon the instrument and not upon the act of recording it, the Director may not impose a tax on the grantee because it now possesses the instrument when he could not tax the grantor-debtor while he possessed it." *CCA Partnership, supra,* at 698.

While acknowledging the Director's argument that grants of tax exemption should generally be strictly interpreted in favor of the taxing power and against the taxpayer, the Bankruptcy Court viewed the construction urged by the Director as too literal, too narrow, and too likely to defeat the purpose of the exemption. *Id.* (Citing 3 Sutherland, Statutory Construction, §§ 60.01, 60.02, 66.09 (4th Ed.1974)). The court concluded that imposing the Realty Transfer Tax on the grantee-purchaser would in most cases compromise the Bankruptcy Code's goal of providing the debtor a "fresh start." By exempting the entire transaction from state stamp taxes, the court reasoned, § 1146(c) diminishes the obligations on the property and affords the debtor a speedy, efficient means of distributing and discharging its obligations.

## DISCUSSION

The Delaware Realty Transfer Tax, 30 *Del.C.* § 5402(a), provides that:

Every person who makes, executes, delivers, accepts or presents for recording any document, except as defined or described in § 5401(4) of this title, or in whose behalf any document is made, executed, delivered, accepted or presented for recording shall be subject to pay for and in respect to the transaction, or any part thereof, a realty transfer tax at the rate of 2 percent of the value of the property represented by such document, which tax shall be payable at the time of making, execution, delivery, acceptance or presenting of such document for recording. *Said tax is to be apportioned equally between grantor and grantee.*

30 *Del.C.* § 5402(a) (emphasis added). The sole issue on appeal is whether the Bankruptcy Court correctly interpreted 11 U.S.C. § 1146(c) to exempt from the provision of the above-quoted Delaware Realty Transfer Tax both the debtor-grantor's and the solvent-grantee's portion of the tax.

On appeal, the Director presses again the argument that § 1146(c) exempts only the debtor's activity of making or delivering an instrument of transfer from a stamp tax or similar tax; the statute does not, according to the Director, exempt from taxation a solvent third party to the transaction. Simply stated, the Director posits that the plain language of § 1146(c) exempts only the debtor and not the purchaser. The linchpin in the Director's argument is his

position that the tax imposed by 30 Del.C. § 5402 is really two separate acts of taxation: first, it is a tax imposed upon the grantor for the making or delivering of the deed; and second, it is a tax imposed upon the grantee for accepting and presenting the deed for recordation. The Director further argues that since Congress expressly exempted only the debtor-grantor's activity of making and delivering, the Bankruptcy Court erred in extending the exemption to cover the act of accepting or recording by the nondebtor grantee. The Director also argues that since the Bankruptcy Code cannot relieve anyone other than a debtor from the burden of a state tax, § 1146(c) can exempt only the debtor-grantor from the tax.

Appellee CCA, on the other hand, contends that the Director's attempt to bifurcate the Delaware Realty Transfer Tax is erroneous. According to CCA, § 5402(a) places the focus of taxability on the document whereby the transfer of interest in real estate is accomplished. D.I. # 5—Appellee's Answering Brief, at 6 (citing *Director of Revenue v. Barry*, 391 A.2d 216, 218 (Del.Super.1978) (holding that focus of taxability under § 5402(a) is the document whereby transfer of interest is accomplished)). I agree with the Delaware Superior Court's interpretation of § 5402(a). *See id.; In re Jacoby-Bender, Inc., supra*, 40 B.R. 10, 10 C.B.C.2d at 630. I hold that a sound reading of § 1146(c) compels the conclusion that the focus of that section is on the instrument of transfer, and not, as the Director urges, on the parties to the transfer. *In re Jacoby-Bender, Inc.*, 758 F.2d 840, 842 (2nd Cir.1985); *In re Cantrup*, 53 B.R. 104, 106 (Bankr.D.Col.1985). As CCA correctly notes in its brief, the legislative history of § 1146(c) provides that "Section 1146(c) of title 11 broadens the exemption to any stamp tax or similar tax on a security or a transfer instrument dealt with under the consolidated chapter 11." H.R.Rep. No. 595, 95th Cong., 1st Sess. 281 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6238. Given the apparent intent of Congress to exempt instruments of transfer from stamp or similar taxes, and a clear ruling from the Delaware courts that the focus of taxability is upon the document of transfer, I find the Director's arguments to the contrary unpersuasive.

The Opinion of the Bankruptcy Court shall be affirmed. An Order will enter consistent with this Opinion.